IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| OAKLEA PHILLIPS, VONDA SILER and B.L. LEWIS, III, Heirs at Law of B. L. Lewis<br>　　　　Plaintiffs<br><br>v.<br><br>MSM, INC., D/B/A MERCURY COMMUNICATIONS COMPANY, MSO, INC., DAVID BAILEY, E.B. MARTIN, JR., JAMES A. MURRELL, III, WILLIAM M. MOUNGER, II, ROBERT G. MOUNGER, WERT A. YEAGER, III, AND WILLIAM M. YANDELL, III<br>　　　　Defendants | § § § § § § § § § § § § § § § § | Civil Action No. 09-4056 |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## BY MSO, INC.

### I. Facts

The plaintiffs are the heirs of B. L. Lewis, who was awarded a judgment of $350,000 in a trial in the Western District of Arkansas, El Dorado Division, in 2002. The judgment was against a corporation named MSM, Inc. The plaintiffs claim in this new lawsuit that a sister company (MSO, Inc.), and seven individual defendants reorganized the business of MSM, Inc. for the purpose of hindering the collection of that judgment as and against MSM, Inc. The gravamen of the complaint is that on the one hand the corporate veil should be pierced and for a second point that the transactions in question constituted a fraudulent conveyance for the purpose of hindering a creditor.

A close review of the complaint in this matter makes it clear that none of the allegations with regard to the individual defendants herein took place in the State of

Arkansas, and that in fact all of the reorganizations alleged to have transpired took place in Mississippi. Therefore, even assuming for argument's sake only that the allegations were otherwise true, there is no basis for personal jurisdiction or venue as it pertains to the individual defendants herein.

## II. Arguments with Regard to Lack of Personal Jurisdiction

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, plaintiffs' complaint should be dismissed for "lack of jurisdiction over the person" due to separate defendants' lack of sufficient contacts with Arkansas. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). Because the facts alleged in plaintiffs' complaint do not support the inference that defendants can be subjected to jurisdiction in Arkansas, this Arkansas Court cannot exercise jurisdiction over separate defendants without offending due process, and the complaint should be dismissed accordingly.

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only if the requirements of the forum state's long-arm statute are satisfied and the exercise of jurisdiction comports with due process. *See Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996). Arkansas' long-arm statue, Ark. Code Ann. § 16-4-101, gives this state's courts jurisdiction over persons and claims "to the maximum extent permitted by the due process of law clause of the Fourteenth

Amendment of the United States Constitution." Thus, the issue is whether this Court's exercise of personal jurisdiction over defendants satisfies due process.

The Supreme Court has set forth two theories for evaluating minimum contacts; general jurisdiction and specific jurisdiction. Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *See Helicopteros Nacionales de Columbia, S. A. v. Hall*, 466 U.S. 408, 415-16 (1984). In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Id.* at 414. Both theories of personal jurisdiction require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws". *Hanson v. Denckla*, U.S. 235, 253 (1958).

In the instant case, plaintiff has not alleged facts demonstrating that separate defendants purposely availed themselves of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of Arkansas laws. Therefore, there is no basis for specific or general personal jurisdiction over defendants in an Arkansas court. *See Dever v. Hentzen*, 380 F.3d at 1074. There is no jurisdictional basis because separate defendants have no contacts with the state of Arkansas sufficient to attain the level of "minimum contacts" demanded by due process.

For this Court to assert personal jurisdiction over a defendant consistent with due process, the defendant must "have certain minimum contacts" with Arkansas "such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A defendant's contacts with Arkansas must be sufficient to cause it "reasonably [to] anticipate being haled into court there". *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Whether due process is satisfied depends not only on the quantity of contacts that a defendant has with Arkansas, but also on the "quality and nature" of those contacts. *See International Shoe*, 326 U.S. at 319.

The Eighth Circuit has instructed courts to consider the following 5 factors when resolving a personal jurisdiction inquiry: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Burlington*, 97 F.3d at 1102. Significant weight is given to the first three factors. *See id.* ("[T]he first three factors [are] of primary importance."). Where the jurisdictional assertions in the plaintiff's complaint are contested, the plaintiff's conclusory allegations in the complaint are not enough to enable the court to exercise personal jurisdiction, and the plaintiff must make a prima facie showing of sufficient contacts with the forum state. *See Dever*, 380 F.3d at 1074. If a court determines that a defendant has minimum contacts with the forum state, it may then consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe*, 326 U.S. at 320).

The Eighth Circuit has applied this case law to fact situations similar to the case at bar and has consistently held that such tenuous contact cannot provide a court with personal jurisdiction. *See, e.g., Porter v. Berall*, 293 F.3d 1073 (8th Cir. 2002).

In Porter, the plaintiffs sued their former Connecticut attorney and his law firm on claims of negligence, malpractice, deceit, and breach of fiduciary duty in a Missouri federal court. The plaintiffs were also not citizens of Missouri. The plaintiffs alleged the Missouri court had jurisdiction based on the phone calls and letters exchanged between Connecticut and Missouri, the execution of documents, drafted by defendants in Missouri and defendants' solicitations of business in Missouri from plaintiffs. *Id.*

The Eighth Circuit disagreed:

> We conclude that the plaintiffs have not satisfied the first two [*Burlington*] factors notwithstanding the numerous phone calls and letters that were exchanged between the parties. Contact by phone or mail is insufficient to justify the exercise of personal jurisdiction under the due process clause. *See, e.g., T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc.*, 749 F.2d 523, 525 (8th Cir. 1984). The additional evidence pointed to by the plaintiffs, described above, is insufficient to justify the exercise of personal jurisdiction. Those additional contacts do not distinguish this case from those cases in which the contacts were held insufficient to support an extension of personal jurisdiction.

The Eighth Circuit joined the First Circuit in rejecting the "effects" test which would allow a court to assert jurisdiction over a defendant when the effect of its acts were felt in the forum state. *Id.* at 1077. This is exactly the tenuous and flawed argument of the plaintiffs in this case.

Plaintiffs have simply failed to allege or establish sufficient minimum contacts between separate defendants and the State of Arkansas to allow this Court to exercise personal jurisdiction over separate defendants. The separate defendants are residents

and citizens of Mississippi or Tennessee. Separate defendants do not have an office in Arkansas and do not conduct any activities in Arkansas.

These facts are on all fours with the case law cited above. The acts complained of all occurred in Mississippi. Moreover, certain of the plaintiffs are not even residents of Arkansas. Separate defendants have insufficient contacts with the State of Arkansas for this Court to exercise personal jurisdiction over them. Separate defendants have done nothing to avail themselves of the privileges and protections of Arkansas law, and therefore they should not be forced to respond to the complaint filed in this Arkansas Court. Plaintiff's complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### III. The Complaint Should Be Dismissed Because Venue is Not Proper In This Court

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, plaintiffs' complaint should be dismissed because venue is not proper in this Court. In this diversity action, venue is only appropriate where "a substantial part of the events or omissions giving rise to the claim occurred..." 28 U.S.C. § 1391(a)(2). "One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). This statute, though taking a broader view of venue, does not abandon the protection of defendants as a relevant consideration. *Id.* "Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Id.*

In *Woodke*, the Eighth Circuit was examining a trademark infringement case in which the defendants were alleged to have improperly "passed off" the plaintiff's product

as their own. *Id.* at 984-85. The plaintiff alleged that venue was proper in the state in which the products were manufactured, i.e., Iowa, and, therefore, that the "ultimate effect" of the tort was in Iowa. *Id.* at 985. However, there was no evidence that any of the improper advertising or sales occurred in Iowa. *Id.* Therefore, the Eighth Circuit affirmed the trial court's finding that venue was lacking, stated that "[i]t is true that manufacturing [the produce] was a necessary event, in a causal sense, to an attempt to pass them off, but we do not think that it is an event giving rise to [the] claim because it was not itself wrongful." *Id.* at 985-86.

One year later, the Eighth Circuit, in a decision relying on *Woodke*, again affirmed the dismissal of a claim for improper venue. *See Barber v. Simpson*, 94 F.3d 648 (9th Cir. 1996) (table decision). In *Barber*, a parolee filed suit in Missouri against his probation officers, both of whom resided outside of Missouri, alleging he had been arrested based on a false report they provided to the Regional Parole Commission in Missouri. *Id.* The parolee argued that venue was appropriate because the false documents were sent to Missouri and the decision to have him arrested occurred in Missouri. *Id.* The Eighth Circuit disagreed, holding that venue was improper in Missouri because the false documents were generated outside of Missouri and because the actual arrest occurred outside of Missouri.

The fact that some "effect" of these actions may have been felt in Arkansas is of no help to plaintiffs' venue allegation. The Eighth Circuit is clear that this Court should look to the allegedly wrongful acts and where they occurred. These acts, if they occurred, occurred in Mississippi. The venue statutes are in place to protect defendants such as those herein from being haled into court hundreds of miles away when their

allegedly wrongful acts were all committed in their home state. Venue is not proper in this Court. Therefore, plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(3).

## IV. Conclusion

For the reasons set out above, this Court is without jurisdiction over separate defendants, and venue is not proper in this Court. Accordingly, plaintiffs' complaint should be dismissed.

Respectfully submitted this September 16, 2009.

**The Law Offices of Ian W. Vickery**

By: /s/ Ian W. Vickery
Ian W. Vickery (Ark. Bar ID# 76132)
315 East Main
El Dorado, AR 71730
Phone (870) 862-5565
Fax (870) 863-5889
ivickery@southarklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David Jimmie Potter
David J. Potter and Associates
901 N Stateline Avenue
Texarkana AR 75501
dpotter@potter-law.com

By:  /s/ Ian W. Vickery
Ian W. Vickery (Ark. Bar ID# 76132)
315 East Main
El Dorado, AR 71730
Phone (870) 862-5565
Fax (870) 863-5889
ivickery@southarklaw.com