**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA  DIVISION**

| | | |
|---|---|---|
| **OAKLEA PHILLIPS, VONDA SILER** | § | |
| **and B.L. LEWIS, III, Heirs at Law of** | § | |
| **B.L. Lewis** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 09-4056** |
| **MSM, INC., D/B/A/ MERCURY** | § | |
| **COMMUNICATIONS COMPANY,** | § | |
| **MSO, INC., DAVID BAILEY, E. B.** | § | |
| **MARTIN, Jr., JAMES A. MURRELL, III,** | § | |
| **WILLIAM  M. MOUNGER, II,** | § | |
| **ROBERT G. MOUNGER,** | § | |
| **WERT A. YEAGER, III, AND** | § | |
| **WILLIAM  M. YANDELL, III** | § | |
| **Defendants** | § | |

## PLAINTIFFS' RESPONSE TO MOTIONS TO DISMISS BY INDIVIDUAL DEFENDANTS AND MSO, INC.

Now come Plaintiffs, by and through their attorney, David J. Potter, and for their

Response to the Motions to Dismiss filed by individual Defendants, James A.Murrell III,

William M. Mounger II, Robert G. Mounger, Wirt A. Yeager III and William M. Yandell III

(Doc.7) and MSO, Inc. (Docs 16 and 18), would respectfully show the court as follows:

1.  This court entered judgment against defendant MSM, Inc. in case number 1: 01-CV- 01034-

HFB (El Dorado) on May 2, 2002 ( Doc. 50).  On August 28, 2002, this Court modified said

judgment to award prejudgment interest, post judgment interest and cost. ( Doc. 71).

2.   On June 23, 2003, the opinion and judgment of the Eighth Circuit Court of Appeals was

filed in the case affirming the judgment of this court.    (Docs. 79 and 80)

3.  The plaintiffs, and their predecessor plaintiff, B. L.  Lewis, their undersigned attorney, and this Court, have been misled about the origin and factual history of  MSO, Inc., its relationship to MSM, Inc., and its contacts with the state of Arkansas.                          .

4.   The evidence previously introduced into the case resulting in the judgment in favor of the plaintiffs, revealed that MSM, Inc., acting through its employees, officers, and directors,   had defrauded B. L.  Lewis, and defrauded the state trial court, by introducing fraudulent documents and perjured testimony in a state suit instituted by MSM, Inc. for the purpose enjoining B. L. Lewis from engaging in his employment with a competing company.   Based upon overwhelming evidence introduced  through two agents of the Secret Service of the United States, the jury granted punitive damages in the amount of $250,000. in response to the malicious misconduct of MSM and its principals, who are also the principals of MSO, Inc.

5.   After years of relentless discovery efforts by plaintiffs,   and not withstanding the best efforts of  the  defendant MSM, Inc. to avoid and delay discovery, the plaintiffs are now in a position to reveal to this court the truth about MSO, Inc.   Plaintiffs stand ready to show this court the activities of the all defendants which were, in fact, efforts to defraud the judgment creditor, B. L. Lewis by the employment of a corporate shell game, and a distribution of cash and other assets leaving MSM, Inc. a mere corporate shell with no assets against which to collect the judgment of this court.  Plaintiffs will show that the activities of the stockholders, directors, and officers MSM, Inc. and MSO, Inc. had as its purpose, and resulting effect, to defraud the plaintiffs by the manipulation of the corporate entities and the transfer of funds and other assets to the stockholders/directors for the purpose of avoiding payment to the plaintiffs.

6.  This court has personal and subject matter jurisdiction over all of the named defendants, specifically MSM, Inc, MSO, Inc. And all corporate directors and stockholders who are one and

the same.  The Corporations, both MSM, Inc. and MSO, Inc. are the alter egos of the individual

defendants and were used to defraud B. L. Lewis to prevent him from collecting his judgment for

their previous fraud and damages inflicted thereby upon B. L. Lewis.  Because this court has

continuing jurisdiction of MSM, Inc., it has jurisdiction over all other defendants in this

declaratory judgment action to declare the corporations to be the Alter Egos of the individual

Directors/Stockholders.

7.  Plaintiffs will stipulate and show that the substantive law of Mississippi is applicable to the

issues of Alter Ego and personal liability of the directors/shareholders in their individual

capacities.  Their corporations were administered in their offices in Jackson, Mississippi, but

their actions in the instant case was for the furtherance of their fraudulent and tortuous activities

in this jurisdiction, i.e. the Western District of Arkansas.

8.  Under the law of Mississippi, where MSM, Inc, and MSO, Inc. were incorporated and where

their corporate actions were taken to divest the corporations of all cash and valuable assets for

the sole benefit of the stockholders, who are the named individual defendants in this case, the

stockholders/directors are individually liable to pay the judgment entered by this court in case #

1:01-cv-01034-HFB, styled B. L. Lewis, Plaintiff v. MSM, Inc.

9.  All facts resulting in the judgment of this court in favor of B. L. Lewis occurred in the

Western District of Arkansas.  It is proper, in view of the deceptive acts of these corporations and

their officers, directors and stockholders in distributing all of the assets of the corporations so

that the corporations would be judgment proof, that those individual stockholder/directors appear

in this court to defend their deceptive and fraudulent actions.

10.  Judgment should be entered in this case, after all fo the evidence is introduced, finding that

MSO, Inc. And each of the individual stockholders are personally liable for the judgment in favor

of B. L. Lewis against MSM, Inc.

Wherefore, premises considered, Plaintiffs pray that the Motion to Dismiss of the

Defendants be denied.

Respectfully submitted,

_____
**DAVID J. POTTER**
State Bar No. 70093
**DAVID J. POTTER AND ASSOCIATES**
**ATTORNEYS AT LAW**
901 N. State Line Avenue
Texarkana, TX 75501
(903) 794-2283
(903) 792-6553 Facsimile
Email: dpotter@potter-law.com
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20[h] day of October, 2009, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF System which will send notification of such filing to the
following:

Ian W. Vickery
315 E. Main St.
El Dorado, AR 71730
ivickery@southarklaw.com

_____
**DAVID J. POTTER**