IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OAKLEA PHILLIPS, VONDA SILER
and B.L. LEWIS III, Heirs at law of
B.L. Lewis                                                                                      PLAINTIFFS

VS.                                              CASE NO: 09-CV-4056

MSM, INC., D/B/A MERCURY
COMMUNICATIONS COMPANY, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

Before the Court are Motions to Dismiss filed by the Defendants. (Docs. 7, 18, 19, 31, 37). The Court will combine these motions into one motion seeking to dismiss all Defendants. Plaintiffs have responded. (Doc. 24, 33). Defendants have filed a reply to Plaintiffs' response. (Doc. 43). The Court finds this matter ripe for consideration.

### I. BACKGROUND

On June 30, 1996, MSM was merged with Mercury Communications Company ("Mercury"). It later changed its name to MSM.[1] After the merger, MSO was incorporated in 1996 in an effort to avoid any possible disputes with non-continuing shareholders over merger compensation that was to be paid to them and to avoid the exercise of dissenters' rights under corporate law.[2] In March 2001, B.L. Lewis filed suit in this Court against MSM and MSO. In

---

[1] MSM is a Mississippi corporation.

[2] MSO is a Mississippi corporation that has never been registered to conduct business in the state of Arkansas.

May 2001, the Court determined that it lacked personal jurisdiction over MSO and the company was dismissed from the lawsuit.  In May 2002, a jury found MSM liable for contractual interference and fraud committed against Lewis.  A judgment was entered for Lewis and against MSM in the amount of $350,000.  MSM has yet to pay the judgment that was awarded against it.

Plaintiffs, the heirs of B.L. Lewis, filed this present Declaratory Judgment action to hold MSM and MSO, its officers, directors, and shareholders, personally liable for the judgment awarded against MSM in 2002.  Defendant MSM filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) claiming that the present case is barred by the principals of res judicata and collateral estoppel because a judgment has already been entered against it.  Defendants MSO, David Bailey, E.B. Martin, Jr., James A. Murrell III, William M. Mounger II, Robert G. Mounger III, and William M. Yandell III filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (3) claiming that the Court lacks personal jurisdiction over them or, in the alternative, that the venue is improper.  The Court will now decide Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted, lack of personal jurisdiction, and improper venue.

## II. DISCUSSION

1)  Motion to Dismiss filed by MSM

In its Motion to Dismiss, Defendant MSM claims that the present action against it is barred by the doctrines of res judicata and collateral estoppel.  The doctrine of res judicata is used to prevent the re-litigation of claims that have already been raised and decided in another suit. *See Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990).  The Eighth Circuit Court of Appeals employs a three factor test when determining whether a claim should be barred under the doctrine of res judicata.  The three factors are:  1) whether the prior judgment has been rendered

by a court of competent jurisdiction; 2) whether the prior judgment was a final judgment on the merits; and 3) whether the same cause of action and the same parties or their privies were involved in both cases. *Banks v. Int'l Union Elec., Electrical, Technical, Salaried and Machine Workers, Communications Workers of America*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Collateral estoppel "bars the relitigation of factual or legal issues that were determined in a prior … court action, and applies to bar relitigation in federal court of issues previously determined." *In re Elisabeth Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999).  The Eighth Circuit has determined that the requirement of mutuality of parties has been abandoned under federal law, and a party may "rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." *See Banks*, 390 F.3d at 1054 (quoting *Lane*, 899 F.2d at 741).

In Lewis's original action against MSM, he was awarded a judgment for interference with an employment contract and fraud.  MSM has not paid that judgment and Plaintiffs, who are the heirs of Lewis, claim that MSM, its directors, officers, and shareholders have committed a fraud by moving all the assets of MSM into a shell company, MSO.  MSM argues that it should not be a party to the present declaratory judgment action because it currently has a judgment rendered against it involving the same facts litigated by the same plaintiff.  To re-litigate that action would violate the doctrines of res judicata and collateral estoppel.  In looking at the three factors used by the Eighth Circuit regarding res judicata, as well as the doctrine of collateral estoppel, the Court finds that MSM should be dismissed from this action.  The facts in this case have already been adjudicated against MSM and a final judgment has been entered against it.  Therefore,

MSM is not a proper party to the present action, thus, dismissal is proper.

        2)  Motion to Dismiss filed by remaining Defendants

In their various Motions to Dismiss, the remaining Defendants argue that this Court lacks personal jurisdiction over them, thus, Plaintiffs' claims against them should be dismissed.  In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must use specific facts located in the complaint that support a reasonable inference that the defendants are subject to jurisdiction within the state.  *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)).  Once the defendant has controverted the existence of personal jurisdiction, the burden of proving that jurisdiction exits is placed on the plaintiff.  *See id*.  The court will test the plaintiffs' prima facie showing of jurisdiction, not by the complaint alone, but will also consider affidavits and exhibits that are submitted with the motions or in opposition to such motions.  *See Block Indus.*, 495 F.2d at 260.  "Mere conclusory statements devoid of a factual foundation do not suffice [in the court's inquiry with respect to whether or not personal jurisdiction exists]." *Davis v. St. John's Health Sys., Inc.*, 71 S.W.3d 55, 57 (Ark. 2002).  When a defendant presents affidavits, documents, or testimony that provide a sufficient challenge to the court's jurisdiction, the burden is then shifted to the plaintiff to prove jurisdiction with affidavits, documents, or testimony.  *See Jet Charter Serv. Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990).

Since this case presents no federal question, this action is one based on diversity. Therefore, the Court may assume jurisdiction over nonresident defendants to the extent permitted by the long-arm statute of the forum state and the Due Process Clause.  *See Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991).  The Arkansas long-arm statute permits jurisdiction to

4

the fullest constitutional extent. *See* Ark. Code Ann. § 16-4-101(b) (stating that Arkansas courts shall have personal jurisdiction to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution); *see also Davis v. St. John's Health System, Inc.*, 71 S.W.3d 55, 58 (Ark. 2002). The Due Process Clause requires there to be "minimum contacts" between the nonresident defendant and the forum state "such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). The United States Supreme Court has put forth two theories for evaluating minimum contracts, general and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). General jurisdiction exists when a nonresident defendant has "continuous and systematic" contacts with the forum state, even if the injury did not arise out of the activities directed at the forum state. *See id*. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state."[3] *Dever*, 380 F.3d at 1073 (citing *Helicopteros*, 466 U.S. at 414).

In order for there to be personal jurisdiction under either theory, the nonresident defendant must have completed some act by which the defendant purposely availed themselves of the privileges of conducting activities within the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The courts are instructed to follow several factors when resolving its inquiry with respect to personal jurisdiction: 1) the nature and quality of the defendant's contacts

---

[3] Since Defendants deny any continuous contact with Arkansas, and the Plaintiffs do not allege that general jurisdiction exists, the Court will focus on specific jurisdiction.

5

with the forum state 2) the quantity of those contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) the convenience to the parties.  *See Burlington Indus.*, 97 F.3d at 1102.  The Court will now address whether MSO and its directors, officers, and shareholders have had significant contacts with Arkansas, so as to subject themselves to the Court's personal jurisdiction.

  MSO is a Mississippi corporation, which Defendants allege has never done business in Arkansas, is not registered to do business in Arkansas, has no property or agents in Arkansas, and has no business relationships that are present in Arkansas.  Plaintiffs argue that MSO is in fact an alter ego of MSM that was created to perpetrate a fraud on the Court and to evade the judgment that was rendered against MSM.  In Plaintiffs' argument, they point to the doctrine of continuity of enterprise that is followed by Mississippi courts, but has yet to be adopted by Arkansas' courts.  *See e.g. Paradise Corp. v. Amerihost Development, Inc.*, 848 So.2d 177 (Miss. 2003). Under the theory of continuity of enterprise, a successor corporation will remain liable for the predecessor corporation's debt where the successor benefitted from the assets and goodwill of the predecessor without being subjected to its liabilities.  *See id*. at 179.  Plaintiffs state that MSO has the same assets, directors, shareholders, and officers as MSM.  Plaintiffs argue that since MSO is a continuity of enterprise of MSM, it should be subject to personal jurisdiction in Arkansas because MSM has already been subjected to personal jurisdiction in this Court.  The Court is not persuaded by this argument.  First, Plaintiffs fail to discuss why Mississippi law should be used in this lawsuit.  Second, this Court already dismissed MSO in the original lawsuit involving Lewis because there existed no personal jurisdiction.  The Court will follow its previous ruling that held that MSO is not subject to personal jurisdiction in this Court because it

does not have sufficient minimum contacts with Arkansas, and subjecting it to a lawsuit in Arkansas would offend traditional notions of fair play and substantial justice.

Plaintiffs next argue that the directors, officers, and shareholders of MSO are subject to personal jurisdiction in Arkansas, because they cannot use the corporate shield to prevent the payment of debts to creditors in favor of themselves. Plaintiffs argue that Mississippi law allows the corporate veil to be pierced, thus subjecting the corporation's officers and directors to corporate liability when the corporation was created to perpetrate a fraud. *See Stanley v. Mississippi State Pilots of Gulfport, Inc.*, 951 So.2d 535, 540 (Miss. 2006). Plaintiffs allege that the fraud that was perpetrated took place when the shareholders distributed to themselves $380,000 of corporate assets when MSM merged into Mercury, instead of first paying debts to creditors of the corporation that was being merged out of existence. Plaintiffs argue that since the directors, officers, and shareholders diverted all assets out of MSM without first paying its creditors, they should be subjected to the same liabilities as MSM and MSO. In response, Defendants argue that none of the officers, directors, or shareholders named in this suit have any contact with Arkansas that would subject them to the jurisdiction of this Court.

The Court is unpersuaded by Plaintiffs' arguments. Again, Plaintiffs have failed to establish why Mississippi law is controlling in the case. Furthermore, Plaintiffs have not proven sufficient contact by any of the directors, officers, and shareholders of MSM or MSO to provide enough minimum contacts to establish personal jurisdiction. Plaintiffs may have a cause of action against MSO and its directors, officers, and shareholders, but Arkansas is not the appropriate jurisdiction to hear their claims. Therefore, the Court finds that Plaintiffs have failed to prove that MSO, its directors, officers, and shareholders have sufficient contacts with

Arkansas to render personal jurisdiction over them. Defendants' Motion to Dismiss MSO, its directors, officers, and shareholders should be granted.

### III.  CONCLUSION

For the reasons discussed herein, the Court finds that Defendants Motions to Dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) should be and hereby are **GRANTED**.  Furthermore, the case against all Defendants is hereby **DISMISSED**.  An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 22nd day of March, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge