IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| **OAKLEA PHILLIPS, VONDA SILER** § <br> **and B.L. LEWIS, III, Heirs at Law of** § <br> **B.L. Lewis** § <br> **Plaintiffs** § <br> § <br> v. § <br> § Civil Action No. 09-4056 <br> **MSM, INC., D/B/A/ MERCURY** § <br> **COMMUNICATIONS COMPANY,** § <br> **MSO, INC., DAVID BAILEY, E. B.** § <br> **MARTIN, Jr., JAMES A. MURRELL, III,** § <br> **WILLIAM M. MOUNGER, II,** § <br> **ROBERT G. MOUNGER,** § <br> **WERT A. YEAGER, III, AND** § <br> **WILLIAM M. YANDELL, III,** § <br> **Defendants** § | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR AN ORDER TO TRANSFER THE CASE TO THE UNITED STATES DISTRICT COURT FOR MISSISSIPPI <u>PURSUANT TO 28 U.S.C. SECTION 1631</u>**

NOW COME PLAINTIFFS OAKLEA PHILLIPS, VONDA SILER AND B. L. LEWIS, III, the heirs at law of B. L. Lewis, now deceased, who was Plaintiff and Judgment Creditor in Cause No. 01-1034 before this Honorable Court, by and through their attorney David J. Potter, and respectfully request that this Court reconsider its Memorandum Opinion and Order issued on March 24, 2010, granting the motion of the individual and corporate Defendants for dismissal of Plaintiffs' cause for want of personal jurisdiction, to withdraw and cancel the order and to order the transfer of this case to the proper United States District Court pursuant to 28 U.S.C. § 1631.

1.      Plaintiffs specifically request that the Order of Dismissal be withdrawn, and instead that this Court order the proceedings transferred to the United States District Court for the Southern

District of Mississippi in Jackson, pursuant to the authority to do so under 28 U.S.C. § 1631 and under its inherent powers because such a transfer is in the interests of justice.

2.  The Plaintiffs are the heirs-at-law of B.L. Lewis, the judgment creditor in Cause No. 01-1034.  They are pursuing the collection of a judgment rendered by a jury in this court against a judgment-proof corporation (MSM, Inc.) whose directors, officers, and shareholders relentlessly seek to avoid responsibility for, among other things, a brazen fraud perpetrated through their corporation on an Arkansas state court and B. L. Lewis, now deceased.

3.  While the Plaintiffs respectfully disagree with the Memorandum Opinion dismissing their case, and while Plaintiffs might prevail on an appeal, further delay will necessarily result from such an appeal of this case which would aggravate the injustice which has persisted for too long.

4.  Therefore, Plaintiffs respectfully request that the case be transferred to the proper federal court in Mississippi where there is no question of both general and specific personal jurisdiction over the Defendants and the subject matter in this case.  This Court has the authority to order such a transfer in lieu of dismissing the case pursuant to 28 U.S.C. § 1631 because it is in the interests of justice.

5.  If the Order of Dismissal stands, then the Plaintiffs will be forced to commence the identical case anew  with the duplicated expenses of a new filing fee and service-of-process costs.  Moreover, some of the individual defendants have been very difficult to serve with summons in this case, despite the fact that they are well-known and prominent in their communities.  Repeated efforts to secure service on David Bailey and E. B. Martin, Jr. through local sheriffs' offices have failed, even though the defendants well known to the deputies in the Sheriff's offices who spoke to the Plaintiffs' attorney, and even though the office of the

Defendant David Bailey was within a couple of blocks of the Sheriff's office. (See Return of Service Appended hereto for David Bailey) E. B. Martin, Jr. was captured and served as he came out of his house to retrieve his Sunday Morning Newspaper, all other normal attempts having failed. Numerous efforts by private investigators, at great and excessive expense, were necessary to effect service on the Defendants, including repeated extensions of time to complete service of process by this court. A transfer pursuant to 28 U.S.C. § 1631 is the perfect and preferred alternative to a dismissal of the case and to the incurrence of these burdensome costs. Plaintiffs intend to pursue collection of the judgment which makes it necessary to have a determination of the issues raised in this case.

   Wherefore, premises considered, Plaintiffs pray that the Order of Dismissal be set aside and the case ordered transferred to the United States District Court for the Southern District of Mississippi.

Respectfully submitted,

_____
**DAVID J. POTTER**
State Bar No. 70093
**DAVID J. POTTER AND ASSOCIATES**
**ATTORNEYS AT LAW**
901 N. State Line Avenue
Texarkana, TX 75501
(903) 794-2283
(903) 792-6553 Facsimile
Email: dpotter@potter-law.com

**Attorney for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ian W. Vickery
315 E. Main St.
El Dorado, AR 71730
ivickery@southarklaw.com

_____
**DAVID J. POTTER**