IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| OAKLEA PHILLIPS, VONDA SILER and B.L. LEWIS, III, Heirs at Law of B. L. Lewis<br>     Plaintiffs<br><br>v.<br><br>MSM, INC., D/B/A MERCURY COMMUNICATIONS COMPANY, MSO, INC., DAVID BAILEY, E.B. MARTIN, JR., JAMES A. MURRELL, III, WILLIAM M. MOUNGER, II, ROBERT G. MOUNGER, WERT A. YEAGER, III, AND WILLIAM M. YANDELL, III<br>     Defendants | § § § § § § § § § § § § § § § § | Civil Action No. 09-4056 |

## DEFENDANTS RESPONSE TO MOTION TO TRANSFER

The plaintiffs have a filed a motion under 28 U.S.C.S § 1631 for an order transferring this cause of action from Arkansas to Mississippi. First, it should be fundamentally understood, that there is no basic objection on the part of the defendants to this motion. However, sometimes the remedy can be more drastic then problem, and in this case the defendants believe that an order transferring this matter would be subject to attack and be set aside in a Mississippi proceeding.

The case against MSM, Inc. was dismissed in the Arkansas proceeding on the theory of res judicata. That is a final order and is not subject to transfer or adjudication.

The remaining claims have been properly dismissed based on lack personal jurisdiction; thus, only part of the action should or could be transferred, obliviously excluding the action including MSM, Inc.

We thus run into the clear language 28 U.S.C.S § 1631, which requires that an "action" be transferred, not particular claims.  A severance of claims is not authorized by this statute.

> Plaintiff's claim for intentional interference with prospective business advantage sounds in tort and is beyond this court's Tucker Act jurisdiction. Plaintiff's motion would have the case bifurcated, with some claims to be retained and determined here, and the tort claim to be transferred to the district court to be determined contemporaneously.
>
> Plaintiff's motion literally does not fall within the scope of Section 1631. HN2The statute applies to "civil actions" and appeals, and authorizes such an "action or appeal" to be transferred after a finding that there is a want of jurisdiction. Nothing in the language of the statute authorizes a court to bifurcate an action and transfer some of the "claims" to another court
> *Deems Lewis McKinley v. United States, 14 Cl. Ct. 418 (Cl. Ct. 1988)*

The *McKinley* case speaks to a line of cases that recognizes that an action must be transferred and not individual claims.  Had the motion to transfer been filed before the decision of the court, all claims and the entire action could have been transferred. However, since the plaintiffs waited for a ruling, now one particular claim is not subject to transfer, and it is respectfully submitted that the court is without authority to transfer the remaining claims, as the entire "action" cannot be transferred.

Furthermore, as the affidavits in this case provide, there are two individual defendants that do not live in Mississippi.  There is one gentleman who lives in Georgia, and the other lives in Tennessee.  If these two defendants have no contacts sufficient to

establish jurisdiction in Mississippi, you cannot bootstrap personal jurisdiction and we are back to square one.

Therefore, as stated in the initial paragraph above, although I am sympathetic the efforts of the plaintiffs in this case and have no conceptual objection to the motion, it seems there is not authority to sever the claims on the one hand and no basis for assuming personal jurisdiction of two of the defendants on the other.

Respectfully submitted this April 1, 2010.

**The Law Offices of Ian W. Vickery**

By:   /s/ Ian W. Vickery
Ian W. Vickery (Ark. Bar ID# 76132)
315 East Main
El Dorado, AR 71730
Phone (870) 862-5565
Fax (870) 863-5889
ivickery@southarklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David Jimmie Potter
David J. Potter and Associates
901 N Stateline Avenue
Texarkana AR 75501
dpotter@potter-law.com

By:   /s/ Ian W. Vickery
Ian W. Vickery (Ark. Bar ID# 76132)
315 East Main
El Dorado, AR 71730
Phone (870) 862-5565
Fax (870) 863-5889
ivickery@southarklaw.com